# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**Everett Frazier,**
**Commissioner of the West Virginia DMV,**
**Plaintiff Below, Petitioner**

**vs.)  No. 19-0197** (Kanawha County 15-AA-63)

**Anthony R. Riddel,**
**Defendant Below, Respondent**

**FILED**

**July 30, 2020**

EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Everett Frazier, Commissioner of the West Virginia Division of Motor Vehicles ("the commissioner"), by counsel Elaine L. Skorich, appeals the order of the Circuit Court of Kanawha County, entered on February 6, 2019, affirming the order of the Office of Administrative Hearings that modified petitioner's license revocation to a "non-aggravated" offense.[1] Respondent Anthony R. Riddel appears by counsel William B. Richardson, Jr.

The Court has considered the parties' briefs and record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. This case satisfies the "limited circumstances" requirement of Rule 21(d) of the Rules of Appellate Procedure and is appropriate for a memorandum decision rather than an opinion. For the reasons expressed below, the decision of the circuit court is reversed, and this case is remanded to the circuit court for entry of an order consistent with this decision.

Respondent Anthony Riddel was arrested by state Division of Natural Resources officers in Calhoun County in 2012 for driving while under the influence of alcohol, an offense commonly known as "DUI." The DUI information sheet completed by the arresting officer, C.R. Stephens, reflects that the officer observed slurred speech and glassy, bloodshot eyes, and that the officer administered three field sobriety tests and noted signs of impairment on each. West Virginia State Police Trooper S.E. McCullough arrived and transported Mr. Riddel to the local State Police detachment, where Tpr. McCullough administered a secondary chemical breath test. The secondary chemical breath test showed that Mr. Riddel had a .157% blood alcohol content. Officer

---

[1]When the revocation order was entered, Patricia S. Reed was the Commissioner of the West Virginia Division of Motor Vehicles. Pursuant to Rule 41(c) of the Rules of Appellate Procedure, the current commissioner, Everett Frazier, has been automatically substituted as the named petitioner herein.

1

Stephens joined Tpr. McCullough at the detachment, where Officer Stephens completed the DUI information sheet mentioned above. The commissioner revoked Mr. Riddel's license to operate a motor vehicle for forty-five days, and thereafter pending completion of Division of Motor Vehicles programs. The revocation notice informed Mr. Riddel that his blood alcohol content, because it was greater than .15%, supported a finding that his DUI was aggravated.[2] Mr. Riddel requested an administrative hearing.

The Office of Administrative Hearings ("OAH") conducted a hearing in September of 2012, and the OAH accepted, "for purposes of identification only," the commissioner's administrative file. (The commissioner's file included the DUI information sheet and the Intoximeter ticket showing the results of the standard reference checks that were performed when Tpr. McCullough administered the secondary chemical test). However, the hearing examiner granted the commissioner's emergency motion for a continuance and took no evidence because Tpr. McCullough had not received notice of the hearing. The OAH conducted a second hearing in February of 2013. Tpr. McCullough appeared but Officer Stephens did not. At this hearing, Mr. Riddel testified that he drank five to six beers over a two- to three-hour period immediately preceding his arrest, but he denied that he was under the influence of alcohol.

The OAH entered a final order on April 27, 2015. The hearing examiner found sufficient evidence that Mr. Riddel was operating a motor vehicle under the influence of alcohol. The OAH rejected the secondary chemical test results, however, on the ground that there was no foundational evidence concerning the standard checks on the secondary chemical test equipment. Having rejected the secondary chemical test results, the OAH ordered the commissioner's order modified to reflect that the offense was non-aggravated.

The commissioner appealed the reversal of the "aggravated" enhancement to the Circuit Court of Kanawha County. The circuit court entered an order on February 6, 2019, finding that the commissioner is not entitled to have his file made part of the administrative record without introducing documentary evidence through an appropriate witness. The court also concluded that "[a]lthough Officer McCullough was present and executed the [secondary chemical breath test], the results were not admissible since the test was not performed by the arresting officer in violation of W. Va. Code § 17C-5-4(c)." On these bases, the circuit court affirmed the OAH order.

The commissioner's appeal of the circuit court order sets forth two assignments of error. He argues, first, that the circuit court erred in rejecting this Court's prior holding, wherein we explained:

> "In an administrative hearing conducted by the Division of Motor Vehicles, a statement of an arresting officer, as described in W. Va. Code § 17C–5A–1(b) (2004) (Repl.Vol.2004), that is in the possession of the Division and is offered into evidence on behalf of the Division, is admissible pursuant to W. Va. Code § 29A–5–2(b) (1964) (Repl.Vol.2002)." Syl. Pt. 3, *Crouch v. West Virginia Div. Of Motor Vehicles*, 219 W.Va. 70, 631 S.E.2d 628 (2006).

---

[2] Pursuant to West Virginia Code § 17C-5A-2, the revocation periods differ for non-aggravated (a blood alcohol content of .08% to .15%) DUI and aggravated (above .15%) DUI.

Syl. Pt. 7, *Dale v. Odum*, 233 W. Va. 601, 760 S.E.2d 415 (2014). The commissioner argues, second, that the circuit court erred in excluding the results of Mr. Riddel's secondary chemical breath test based on the failure of the "arresting officer"—Officer Stephens—to conduct the test. We review these assignments of error as follows:

> "In cases where the circuit court has [reversed] the result before the administrative agency, this Court reviews the final order of the circuit court and the ultimate disposition by it of an administrative law case under an abuse of discretion standard and reviews questions of law de novo." Syllabus Point 2, *Muscatell v. Cline*, 196 W.Va. 588, 474 S.E.2d 518 (1996).

Syl. Pt. 2, *Reed v. Winesburg*, 241 W. Va. 325, 825 S.E.2d 85 (2019).

The point of contention central to the commissioner's first assignment of error originates with West Virginia Code § 29A-5-2(b), which confers upon the commissioner the responsibility that

> [a]ll evidence, including papers, records, agency staff memoranda and documents in the possession of the agency, of which it desires to avail itself, shall be offered and made a part of the record in the case, and no other factual information or evidence shall be considered in the determination of the case. Documentary evidence may be received in the form of copies or excerpts or by incorporation by reference.

The circuit court opined that the creation of the independent OAH in 2010, which divested the DMV of its responsibility to conduct administrative hearings, created a "modern administrative review hearing" process that rendered our prior syllabus points interpreting this statute null.[3] *See* Syl. Pt. 3, *Crouch v. W. Va. Div. of Motor Vehicles,* 219 W. Va. 70, 631 S.E.2d 628 (2006)("In an administrative hearing conducted by the Division of Motor Vehicles, a statement of an arresting officer, . . . that is in the possession of the Division and is offered into evidence on behalf of the Division, is admissible pursuant to W. Va. Code § 29A-5-2(b) (1964) (Repl.Vol.2002)."). We have, however, continued to uphold this legislative requirement in the decade since the OAH began. In fact, in one of our more recent decisions on the matter, we succinctly addressed the very issues that have now returned to us:

> We have previously stated that "[w]ithout a doubt, the Legislature enacted W.Va. Code § 29A-5-2(b) with the intent that it would operate to place into evidence in an administrative hearing ['a]ll evidence, including papers, records, agency staff memoranda and documents in the possession of the agency, of which it desires to

---

[3] *See* W. Va. Code § 17C-5C-5(a) (Repl. Vol. 2013) (2010) (recognizing the "transition of the administrative hearing process from the Division of Motor Vehicles to the Office of Administrative Hearings"). In 2010, "[t]he Office of Administrative Hearings [was] created as a separate operating agency within the Department of Transportation." W. Va. Code § 17C-5C-1(a) (2010) (Repl. Vol. 2013).

3

avail itself.[']" *Crouch* [ ], 219 W.Va. [at] 76, 631 S.E.2d [at] 634 []. As evidenced by the use of the word "shall," admission of the evidence identified in the statute is mandatory. *Id*. The secondary chemical test result was in the DMV's possession, and the DMV sought to avail itself of the result. Accordingly, the result of the secondary chemical test should have been admitted into evidence, subject to a rebuttable presumption as to its accuracy. *Id*. at 76, n.12, 631 S.E.2d at 634, n.12 ("We point out that the fact that a document is deemed admissible under the statute does not preclude the contents of the document from being challenged during the hearing. Rather, the admission of such a document into evidence merely creates a rebuttable presumption as to its accuracy.").

*Reed v. Lemley*, No. 17-0797, 2018 WL 4944553, at *4 (W. Va. Oct. 12, 2018) (memorandum decision).

The OAH was statutorily obligated to receive the commissioner's file into evidence. In so receiving, it must also accept the secondary chemical test result contained therein, subject to the weighing of petitioner's evidence in rebuttal. We caution, however, that rebuttal is not swiftly achieved by a mere showing that an officer other than the one effecting the arrest has performed the secondary chemical breath test. West Virginia Code § 17C-5-4(c), "requiring a secondary blood or breath test to be administered 'at the direction of the arresting law-enforcement officer,' does not preclude the arresting officer from directing or authorizing another qualified law enforcement officer to explain implied consent and administer a chemical test for intoxication." Syl. Pt. 4, in part, *Reed v. Hall*, 235 W. Va. 322, 773 S.E.2d 666 (2015).

For the foregoing reasons, the circuit court's February 6, 2019, order is hereby reversed, and the case is remanded for entry of an order reinstating the DMV's revocation order.

Reversed and remanded.

**ISSUED:** July 30, 2020

**CONCURRED IN BY:**

Chief Justice Tim Armstead
Justice Margaret L. Workman
Justice Elizabeth D. Walker
Justice Evan H. Jenkins
Justice John A. Hutchison